Submitted April 30, remanded for resentencing; otherwise affirmed June 11, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# LARRY DEAN DOW,
*Defendant-Appellant.*

Multnomah County Circuit Court
031135982; A130283

186 P3d 326

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. On the supplemental brief was Stephanie Hortsch, Deputy Public Defender.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the briefs for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for robbery in the third degree, asserting that the trial court erred in denying his motion for a judgment of acquittal and in giving a special jury instruction requested by the state. We reject those assignments of error without discussion. In a supplemental brief, defendant also raises a preserved challenge to the trial court's imposition of consecutive sentences without jury findings to support such sentences. In light of *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ____ US ____ , 128 S Ct 1657 (2008), we agree that the trial court erred in that regard. Accordingly, we reverse and remand for resentencing, but otherwise affirm.

Defendant was convicted of robbery in the third degree, ORS 164.395 (Count 1); harassment, ORS 166.065 (Count 3); theft in the second degree, ORS 164.045 (Count 4); attempted theft in the second degree, ORS 161.405(2)(e) and ORS 164.045 (Count 5); and two counts of identity theft, ORS 165.800 (Counts 2 and 6). Counts 1 and 3 were tried to a jury; defendant pleaded guilty to the remaining counts. Based on its finding that Counts 2 and 4 arose from a continuous and uninterrupted course of conduct separate from Counts 1, 3, 5, and 6, the trial court directed that the sentences on the latter counts run consecutively to those on the former. ORS 137.123(2). Defendant argues, and the state concedes (albeit contesting that *Ice* is correctly decided), that, under *Ice*, the trial court erred in imposing consecutive sentences based on its own findings of fact, rather than on facts found by a jury. We agree. In *Ice*, 343 Or at 267, the Supreme Court concluded that the Sixth Amendment to the United States Constitution provides a defendant with a right to jury determination, beyond a reasonable doubt, of facts used to impose consecutive sentences under ORS 137.123.

Remanded for resentencing; otherwise affirmed.